IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID A. GOODWILL, individually and for the ESTATE OF PHYLLIS A. HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>The Foreclosure Commissioner, designated by the Secretary of Housing and Urban Development, on October 29, 2008; ETITLE INSURANCE AGENCY; and THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-0948<br><br>Judge Clark Waddoups<br><br>*Related Case:*<br>Bankruptcy No. 19-20259 RKM |

On February 8, 2019, Plaintiff David A. Goodwill filed a Notice of the Filing of Chapter 7 Bankruptcy. The court then stayed the case pursuant to its standard procedure. Defendants eTitle Insurance Agency ("eTitle") and the Secretary of Housing and Urban Development ("HUD") subsequently notified the court that the Bankruptcy Court lifted the automatic stay as it applied to eTitle and HUD. This court, therefore, must determine how this case shall proceed.

When a person files for bankruptcy, "the estate over which the appointed trustee is given control 'is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996) (alteration in original) (quoting 11 U.S.C. § 541(a)(1)). "Causes

of action belonging to the debtor fall within this definition." *Id.* (citations omitted). Hence, this action is part of the bankruptcy estate because it belongs to Mr. Goodwill, who is the bankruptcy debtor, and it arose before Mr. Goodwill filed for bankruptcy.

All assets of the bankruptcy estate "are within the sole control of the Trustee in Bankruptcy whose duty it is to 'collect the property of the estate and reduce it to cash.'" *Log Furniture, Inc. v. Call*, 180 Fed. Appx. 785, 787 (10th Cir. 2006) (quoting 11 U.S.C. § 704(a)(1)) (other citation omitted). This means "[t]he only person with standing or legal capacity" to pursue the claims at issue in this case is the Trustee. *Id.* at 788.

Pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure, the court affords the Trustee an opportunity to "be substituted into the action." The Trustee is directed to do so on or before **June 14, 2019**. If such an election is not made, this case will be dismissed without prejudice based on Mr. Goodwill's lack of standing.

The court directs the Clerk of Court to provide this Order to the Trustee and the United States Trustee as follows:

KENNETH A. RUSTON
P.O. Box 212
Lehi, UT 84043
KRus8416@aol.com

UNITED STATES TRUSTEE
Washington Federal Bank Bldg.
405 S. Main St., Suite 300
Salt Lake City, UT 84111
USTPRegion19.SK.ECF@usdoj.gov

Due to complications Mr. Goodwill has with receiving notifications through CM/ECF, the court further directs the Clerk of Court to email this Memorandum Decision and Order to Mr. Goodwill at the email address of record.

SO ORDERED this 28th day of May, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge