IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID A. GOODWILL, individually and for the ESTATE OF PHYLLIS A. HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>The Foreclosure Commissioner, designated by the Secretary of Housing and Urban Development, on October 29, 2008; ETITLE INSURANCE AGENCY; and THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-0948<br><br>Judge Clark Waddoups<br><br>*Related Case:*<br>Bankruptcy No. 19-20259 RKM |

This case pertains to the interplay between a property in foreclosure and a bankruptcy filing. On February 8, 2019, Plaintiff David A. Goodwill filed a Notice of the Filing of Chapter 7 Bankruptcy. The court then stayed the case pursuant to its standard procedure. Subsequently, the Bankruptcy Court lifted the automatic stay as it applied to Defendants eTitle Insurance Agency ("eTitle") and the Secretary of Housing and Urban Development ("HUD"). The court then had to determine how this case shall proceed.

On May 28, 2019, the court issued a Memorandum Decision and Order, which noted that "this action is part of the bankruptcy estate because it belongs to Mr. Goodwill, who is the bankruptcy debtor, and it arose before Mr. Goodwill filed for bankruptcy." *Goodwill v.*

*Foreclosure Comm'r*, Case No. 2:18-cv-0948, 2019 U.S. Dist. LEXIS 89775, at *2 (D. Utah May 28, 2019). The court concluded that "[a]ll assets of the bankruptcy estate 'are within the sole control of the Trustee in Bankruptcy whose duty it is to 'collect the property of the estate and reduce it to cash.'" *Id.* (quoting *Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787 (10th Cir. 2006)) (other quotations and citation omitted). The court further concluded "'[t]he only person with standing or legal capacity' to pursue the claims at issue in this case is the Trustee." *Id.* (quoting *Log Furniture, Inc.*, 180 F. App'x at 788). It therefore afforded "the Trustee an opportunity to 'be substituted into the action,'" pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure, and stated "[i]f such an election is not made, this case will be dismissed without prejudice based on Mr. Goodwill's lack of standing." *Id.*

Since that time, the Trustee in Mr. Goodwill's bankruptcy case has not elected to be substituted into this action. Nevertheless, Mr. Goodwill filed an Objection to Dismissal of Plaintiffs' Complaint Based on Lack of Standing (ECF No. 43). Mr. Goodwill contends that because the Bankruptcy Court has issued an Order of Discharge, he now has standing. Mr. Goodwill further contends the Trustee has abandoned the property.

The Order of Discharge does not grant standing. Rather it states that "[t]his order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors." Order of Discharge, at 1 (ECF No. 69 in Case No. 19-20259). Instead, it discharged Mr. Goodwill's debt to certain creditors, but noted lien creditors "may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated." *Id.* The Order of Discharge, therefore, did not grant Mr. Goodwill standing in this case because the bankruptcy case is still proceeding.

With respect to Mr. Goodwill's other argument, no evidence was provided that the Trustee has abandoned the property. The court also has reviewed the Bankruptcy Court docket and finds no entry regarding abandonment of the property. Thus, Mr. Goodwill has failed to show that he has standing in this case.

Based on Mr. Goodwill's filings, the court is mindful of the hardship Mr. Goodwill is facing at this time in his life and is sympathetic to his difficulties. The court lacks authority, however, to address the legal issues he has raised.

**ORDER**

For the foregoing reasons, the court HEREBY DISMISSES this case WITHOUT PREJUDICE.

The court directs the Clerk of Court to provide this Order to the Trustee and the United States Trustee as follows:

| | |
|---|---|
| KENNETH A. RUSTON | UNITED STATES TRUSTEE |
| P.O. Box 212 | Washington Federal Bank Bldg. |
| Lehi, UT 84043 | 405 S. Main St., Suite 300 |
| KRus8416@aol.com | Salt Lake City, UT 84111 |
| | USTPRegion19.SK.ECF@usdoj.gov |

Due to complications Mr. Goodwill has with receiving notifications through CM/ECF, the court further directs the Clerk of Court to email this Memorandum Decision and Order to Mr. Goodwill at the email address of record.

DATED this 19th day of July 2019.

                          BY THE COURT:

                          _____
                          Clark Waddoups
                          United States District Judge