IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID A. GOODWILL, individually and for the ESTATE OF PHYLLIS A. HANSEN,<br><br>Plaintiff,<br><br>v.<br><br>The Foreclosure Commissioner, designated by the Secretary of Housing and Urban Development, on October 29, 2008; ETITLE INSURANCE AGENCY; and THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | Case No. 2:18-cv-0948<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Judge Clark Waddoups |

On June 21, 2021, the court dismissed this action for lack of subject-matter jurisdiction and for failure to state a claim. Plaintiff David A. Goodwill filed a Motion for Relief from Final Order of Dismissal (ECF No. 96). Mr. Goodwill requests reconsideration on the ground of mistake and for "any other reason that justifies relief." *Id.* at 1 (emphasis omitted). In previous briefing, the defendants attached documents to their motions to dismiss. Mr. Goodwill asserts this necessitated converting the motions to dismiss into summary judgment motions.

Rule 12(d) of the Federal Rules of Civil Procedure states the following:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All

> parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Mr. Goodwill emphasizes the mandate that "the motion *must* be treated as one for summary judgment." *Id.* (emphasis added). Rule 12(d), however, starts with the word *if*. The mandate comes into effect only if "matters outside the pleadings are presented to and not excluded by the court." *Id.* The conditional phrase is dispositive in this case. In defendants' briefing on the motions to dismiss, and in defendants' opposition to the motion to reconsider, they explained why the documents attached to the motions to dismiss were matters within the pleadings or otherwise permissible for the court to consider. The defendants' analyses were a correct iteration of the law. Consequently, the motions to dismiss did not have to be converted to summary judgment motions.

Moreover, Rule 12(d) is applicable only to motions filed under Rule 12(b)(6) or 12(c). The court dismissed the action against the Secretary of Housing and Urban Development under Rule 12(b)(1). Thus, Rule 12(d) is inapplicable as to that defendant.

For these reasons, reconsideration on the ground of mistake is not well-taken. Nor is there any other legal ground to justify the relief sought by Mr. Goodwill. Accordingly, the court DENIES Mr. Goodwill's Motion for Relief from Final Order of Dismissal (ECF No. 96).

DATED this 6th day of August, 2021.

BY THE COURT:

_____
Clark Waddoups
United States District Judge